IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






WR-62,597-01






EX PARTE JIMMY JACKSON








ON APPLICATION FOR WRIT OF HABEAS CORPUS


CAUSE NO. 428364 IN THE 263RD DISTRICT COURT

HARRIS COUNTY





 Per Curiam. Meyers, J., not participating.

 


O R D E R



 This is an application for writ of habeas corpus filed pursuant to the provisions of
Article 11.071, Tex. Code Crim. Proc.

 On January 21, 1986, applicant was convicted of the offense of capital murder. The
jury answered the special issues submitted pursuant to Article 37.071(b), and the trial court,
accordingly, set punishment at death. (1) This Court affirmed applicant's conviction and
sentence on direct appeal. Jackson v. State, 822 S.W.2d 18 (Tex. Crim. App. 1990). On
June 22, 2005, the Governor of the State of Texas commuted Applicant's death sentence to
life imprisonment because Applicant was seventeen years old at the time he committed the
offense of capital murder. 

 Applicant presents six allegations in his application in which he challenges the
validity of his conviction and resulting sentence. The trial court did not hold an evidentiary
hearing. The trial court adopted the State's proposed findings of fact and conclusions of law
recommending that the application be dismissed for lack of jurisdiction. We disagree. This
Court was vested with appellate jurisdiction at the time applicant was convicted of capital
murder and sentenced to death. Art. 37.071(h); Art. 11.071, § 1. Chapter 48 does not alter
our appellate jurisdiction when the Governor grants commutation of punishment.

 This Court has reviewed the record with respect to the allegations made by applicant. 
Based upon our own review, we deny relief on applicant's allegations pertaining to the guilt
or innocence phase of his trial. We dismiss as moot applicant's allegations pertaining to the
punishment phase of his trial. 

 IT IS SO ORDERED THIS THE 14TH DAY OF SEPTEMBER, 2005.


Publish 
1. Unless otherwise indicated, all references to Articles and Chapters refer to the Texas
Code of Criminal Procedure.